CAMPBELL v. HOGE, appellant.

*Discovery — when order for not allowed.*

Defendant, one of a firm, against whom plaintiff brought action for money deposited, moved for a discovery of the accounts from time to time furnished the depositor, and the letters written by defendants to him, to enable defendant to answer, upon the ground that the books and papers of the firm had been mislaid, and it would require much trouble to find them. The loss of the books and that there were no copies of the letters was not alleged. *Held,* that a motion for discovery would not be granted.

APPEAL from an order denying defendant's motion for a discovery of accounts and letters to enable him to answer. The action was brought by Caroline M. Campbell as administratrix of Robert B. Campbell, deceased, against William Hoge and James Robb to recover moneys deposited by the intestate with defendants as bankers. The defendant Hoge, who, by a contract between him and Robb upon a dissolution of partnership, had assumed the liabilities of the firm, moved the court for a discovery of the accounts from time to time furnished by the firm to Campbell, and all letters relating to the transactions. The petition set forth, in substance, "that the plaintiff has accounts rendered and letters written by defendants to the intestate; that defendant has not in his possession or under his control any of said accounts or letters, or any copies of the same; that the books and papers of the firm of William Hoge & Co. have become scattered and mislaid, and your petitioner does not know where to lay his hands on them or to find them; and that even if they could be found, the contrary of which he believes, it would require much time and trouble, and that the production of said accounts and letters are necessary to enable him to answer the complaint."

*J. E. Burrill,* for appellant.

*Weeks, Foster & De Forest,* for respondent.

BRADY, J. The papers and letters of which discovery is sought are accounts rendered by the defendants as a firm, and letters written by them or the defendant Hoge in reference to the subject-

matter of the accounts. It is not alleged that the books from which the accounts were made up are lost or destroyed, or that there are no copies of the letters extant. It appears on the part of the petitioner that the firm was dissolved many years since, and that there may be some trouble in getting its books and papers together, which, in consequence of the long time that has elapsed since the dissolution mentioned, have become scattered and mislaid—the petitioner not knowing "where to lay his hands on them or to find them."

Assuming this to be true, it does not bring his application within the rules which govern such a procedure.

These rules are admirably stated, and the cases collated in 2 Wait's Sup. Ct. Pr. 521, *et passim.* It is a fundamental requisite that the remedy thus sought should be indispensably necessary and not simply a precautionary measure. Ibid., p. 532.

The nineteenth rule of this court relating to the subject provides that the party applying shall show to the satisfaction of the court or judge the materiality and necessity of the discovery sought, and is in accordance with the practice as settled by the adjudged cases. The necessity does not exist when the party applying may have in his possession or under his control the means of acquiring all the information which he seeks to obtain. The petitioner does not show that he is not thus situated.

The accounts and letters emanated from him, and the former were predicated of books used in transacting the business of his firm, and he succeeded to them individually on its dissolution. Whether he would be able to find them upon diligent search does not appear, nor does it appear that he has made the proper effort to find them. His application, therefore, assuming the materiality of the papers which it may be said perhaps has not been shown, is deficient in one essential element, and it was therefore properly denied. If we look beyond his own statements, however, we find that his former book-keeper saw the books containing the accounts and letters in his possession in 1868, and that fact destroys much of the force of the allegation, that the firm was dissolved many years since, and that the books and papers in consequence have become scattered.

Where accounts have been rendered, and a litigation involving them springs up after the lapse of many years, it might be a just exercise of power to order their discovery in the due administration

of justice, but until the account is closed it is the duty of the debtor to preserve for ready use his books and papers affecting it, that his defense may be made and his obligation shown to have been discharged in whole or in part. The discovery is limited, however, by rules well established, and it would not be wise to depart from them except, if at all, in a case of peculiar hardship demanding the infraction of recognized principles.

It has not been deemed necessary to consider any other point than the one stated—namely, the insufficiency of the petitioner's papers for the reasons assigned. The order at special term was for these reasons right, and should be affirmed.

*Order affirmed.*